IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

VANESSA KOWALYK,

    Plaintiff,

vs.

HANCOCK COUNTY, a West Virginia municipal corporation, HANCOCK COUNTY OFFICE OF THE SHERIFF, SHERIFF MIKE WHITE, individually and in his capacity as Sheriff of Hancock County, MARK ALAN SMITH, individually and in his capacity as Deputy Sheriff of Hancock County,

    Defendants.

CIVIL ACTION NO. 5:08-CV-181

### DEFENDANTS HANCOCK COUNTY AND HANCOCK COUNTY OFFICE OF THE SHERIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Now come defendants Hancock County and Hancock County Office of the Sheriff by and through undersigned counsel David L. Wyant, Esq., and the law firm of Bailey & Wyant P.L.L.C. and in support of its Motion to Dismiss state as follows:

**I.    BRIEF FACTUAL HISTORY**

On or about December 9, 2008, the plaintiff filed this complaint in the United States District Court for the Northern District of West Virginia. The defendants are named as "Hancock County, Hancock County Office of the Sheriff, Sheriff Mike White, and Mark Alan Smith". Thereafter, the plaintiff provided the defendants with requests for waiver of service.

The allegations in the complaint pertain to an incident that occurred on December 13, 2006 when the defendant Mark Alan Smith was employed as a Deputy Sheriff with the Hancock County Sheriff's Office. The plaintiff alleges that after being stopped by former Deputy Smith, she was sexually assaulted by Smith. The allegations against the remaining defendants include that the remaining defendants knew or should have known of defendant Smith's actions and failed to have policies, procedures and practices in place to deter the alleged misconduct of defendant Smith. The plaintiff also asserts that the remaining defendants tolerated police misconduct of the

type alleged against defendant Smith. There are also allegations that the remaining defendants negligently hired, retained and/or failed to train defendant Smith.[1]

## II. APPLICABLE LAW

In ruling on a Motion to Dismiss, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), it is proper to dismiss a case for failure to state a claim upon which relief may be granted when, even assuming the facts alleged in the complaint could be true or construing the allegations in the light most favorable to the plaintiff, it remains clear as a matter of law that there is no relief that can be granted under any set of facts that could be proven consistent with the allegations of the complaint. Hison v. King & Spaulding 467 U.S. 69, 73, 104 S.Ct. 2229, 2232-2233 (1984); Conley v. Gibson 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957). The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the complaint. Collia v. McJunkin 178 W. Va. 158, 358 S.E.2d 242 (1987). Because the purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the complaint, the Court is not bound by the plaintiff's legal conclusions. Randall v. U.S. 30 F.3d. 518 (4th Cir. 1994).

## III. HANCOCK COUNTY IS NOT A PROPER PARTY TO THIS CIVIL ACTION

The plaintiff has named "Hancock County, a West Virginia municipal corporation" as a defendant in this matter. However, Hancock County is not a proper party to this action. The U.S. Supreme Court has held that § 1983 is unavailable as a basis for a suit against a County. Moor v. County of Alameda 411 U.S. 693, 704, 93 S. Ct. 1785 (1973). Hancock County is, therefore, not a proper defendant under this action because it is not a "person". Because Hancock County is not a person within the meaning of § 1983, Hancock County is not a proper party and must be dismissed.

## IV. THE HANCOCK COUNTY OFFICE OF THE SHERIFF IS NOT A PROPER PARTY TO THIS CIVIL ACTION

The plaintiff has named "Hancock County Office of the Sheriff" as a defendant in this

LAW OFFICES OF
BAILEY & WYANT, P.L.L.C.
1219 CHAPLINE STREET
WHEELING, WV 26003

---

[1] See: Plaintiff's Complaint, Paragraphs 18 through 23.

matter. However, the Sheriff's Office is not a proper party. "Claims under § 1983 are directed at persons...". Will v. Michigan Department of State Police 491 U.S. 58, 71 (1990); Monroe v. Pape 365 U.S. 167, 81 S. Ct. 473 (1961); City of Kenosha Wisconsin v. Bruno 412 U.S. 507, 93 S. Ct. 2222 (1973); Draeger v. Grand Central Inc. 504 F.2d 142 (10th Cir. 1974); Braden v. University of Pittsburgh 477 F.2d 1 (3rd Cir. 1973). Thus, the claims against the Hancock County Sheriff's Office must be dismissed. The Sheriff's Office is simply not a person within the meaning of 42 USC § 1983.

The Sheriff's Office is a subpart of the County and not a separate political subdivision. See: Pierre v. Schlemmer 932 F. Supp. 278, 280 (M.D.Fla. 1996); Jacobs v. Port Neches Police Dep't 915 F. Supp. 842 (E.D.Tex. 1996). "The Sheriff's Department is not a cognizable legal entity separate from the Sheriff in his official capacity and the County government". Revene v. Charles County Commissioners 882 F.2d 870, 874 (4th Cir. 1989). Thus, the plaintiff's suit against the Hancock County Sheriff's Office must be dismissed.

42 USC § 1983 states, in pertinent part, "every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law...". See: 42 USC § 1983 (emphasis added). The statute clearly states "person". The Sheriff's Office is not a person and therefore cannot be sued as a defendant in a 1983 action.

In this case, the plaintiff has also sued Sheriff Mike White in his official capacity as Sheriff of Hancock County.[2] An official capacity suit is a suit "against a Sheriff's Office". Therefore, there is no need to also file suit against the Hancock County Sheriff's Office. "A Sheriff is not personally liable on a judgment where the 424 USC § 1983 suit was against him in his official capacity which is to say, against the office". Will v. Michigan Department of State Police 491

LAW OFFICES OF
BAILEY & WYANT, P.L.L.C.
1219 CHAPLINE STREET
WHEELING, WV 26003

---

[2]   See: Plaintiff's Complaint.

3

U.S. 58, 109 S. Ct. 2304 (1989). Thus, suit against Sheriff Mike White is essentially suit against the Hancock County Office of the Sheriff. Therefore, it is unnecessary for the plaintiff to name both the Sheriff and the Sheriff's Office in this civil action. Dismissal of the Hancock County Sheriff's Office will not deprive the plaintiff from any remedy that she may be entitled.

## V.   CONCLUSION

For the reasons stated above, Hancock County and the Hancock County Office of the Sheriff are not proper parties. The Sheriff's Office is not a person within the meaning of 42 USC § 1983. Further, suit against Sheriff Mike White in his official capacity as Sheriff of Hancock County is actually a suit against the Office of the Sheriff and thus it is not necessary or appropriate under law to name both the Sheriff and the Office of the Sheriff.

**WHEREFORE**, defendants Hancock County Commission and Hancock County Office of the Sheriff request that the Court dismiss the Hancock County Sheriff's Office with prejudice, that they be awarded their costs and expenses incurred herein, and for such other relief that the Court deems appropriate.

HANCOCK COUNTY COMMISSION,
HANCOCK COUNTY OFFICE OF
THE SHERIFF
By Counsel

_____
David L. Wyant, Esq.
W. Va. Bar ID # 4149
April J. Wheeler, Esq.
W. Va. Bar ID # 9348
BAILEY & WYANT, P.L.L.C.
1219 Chapline Street
Wheeling, WV  26003
Telephone: (304) 233-3100
Fax: (304) 233-0201

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

VANESSA KOWALYK,

        Plaintiff,

vs.

HANCOCK COUNTY, a West Virginia municipal corporation, HANCOCK COUNTY OFFICE OF THE SHERIFF, SHERIFF MIKE WHITE, individually and in his capacity as Sheriff of Hancock County, MARK ALAN SMITH, individually and in his capacity as Deputy Sheriff of Hancock County,

        Defendants.

CIVIL ACTION NO. 5:08-CV-181

## CERTIFICATE OF SERVICE

Service of the foregoing **DEFENDANTS HANCOCK COUNTY AND HANCOCK COUNTY OFFICE OF THE SHERIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS** was had upon the following by mailing a true and correct copy thereof by United States mail, postage prepaid, this 20 day of January, 2009:

Thomas D. Hall, Esq.
W. Va. Bar ID # 6602
Woomer & Hall, LLP
2945 Banksville Road, Suite 200
Pittsburgh, PA 15216

                                                    David L. Wyant, Esq.
                                                    W. Va. Bar ID # 4149

LAW OFFICES OF
BAILEY & WYANT, P.L.L.C.
1219 CHAPLINE STREET
WHEELING, WV 26003