IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

VANESSA KOWALYK,

    Plaintiff,

v.                                                          Civil Action No. 5:08CV181
                                                                      (STAMP)

HANCOCK COUNTY, a West Virginia municipality,
HANCOCK COUNTY OFFICE OF THE SHERIFF,
SHERIFF MIKE WHITE, individually and in his
capacity as Sheriff of Hancock County and
MARK ALAN SMITH, individually and in his
capacity of Deputy Sheriff of Hancock County,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS HANCOCK COUNTY AND
HANCOCK COUNTY OFFICE OF THE SHERIFF'S
MOTION TO DISMISS AND
DISMISSING THE PLAINTIFF'S COMPLAINT AS TO
DEFENDANTS HANCOCK COUNTY AND
HANCOCK COUNTY OFFICE OF THE SHERIFF
WITHOUT PREJUDICE
TO FILING AN AMENDED COMPLAINT**

I. Procedural History

Currently pending before this Court is the motion of defendants Hancock County and the Hancock County Office of the Sheriff to dismiss the plaintiff's complaint against these defendants for failure to state a claim upon which relief can be granted. In their motion, the defendants also request an award of attorneys' fees and costs. The plaintiff has filed her response in opposition to the motion, and the defendants have replied.

Following review of the defendants' motion, and the response and reply thereto, this Court finds that the defendants' motion to

dismiss must be granted for the reasons stated below and that the plaintiff's complaint as to defendants Hancock County and the Hancock County Office of the Sheriff should be dismissed without prejudice to filing an amended complaint. However, this Court finds that any request for attorneys' fees and costs, if recoverable, should be denied as premature.

## II. Facts

The events giving rise to this action occurred on or about December 13, 2006. At that time, defendant Mark Alan Smith ("Smith") was employed as a Deputy Sheriff with the Hancock County Sheriff's Office. The plaintiff, Vanessa Kowalyk, alleges that, as she was driving home from work at approximately 3:00 a.m., Smith initiated a traffic stop, administered a field sobriety test, and directed the plaintiff to be seated in the passenger seat of his police cruiser. The plaintiff further alleges that Smith then drove her to a cemetery, where he sexually assaulted and battered her. According to her complaint, Smith pled guilty and was sentenced to a one-year period of incarceration for the sexual abuse of the plaintiff.

On December 9, 2008, the plaintiff filed this action. As defendants, she names Hancock County, the Hancock County Office of the Sheriff, Sheriff Mike White, and Smith. The complaint sets forth six counts: (1) civil rights violations under 42 U.S.C. § 1983; (2) state law assault and battery; (3) state law

negligence; (4) state law intentional infliction of emotional distress; (5) state law negligent infliction of emotional distress; and (6) state law false imprisonment. As relief, the plaintiff seeks compensatory and punitive damages, and reasonable attorneys' fees.

Defendants Hancock County and the Hancock County Office of the Sheriff ask this Court to dismiss the complaint against them under Federal Rule of Civil Procedure 12(b)(6). According to these defendants, they are not proper parties to this action and, therefore, the plaintiff has failed to state a claim upon which relief can be granted.

### III. Legal Standard for Motion to Dismiss

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that the plaintiff does not have a claim and that no set of facts would support the plaintiff's claim. 5A Wright & Miller, supra § 1357, at 344-45.

IV. <u>Discussion</u>

A. <u>Defendant Hancock County</u>

Defendant Hancock County is not a proper party to this suit. A local governing body is subject to suit under § 1983. <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978). However, under West Virginia law, the local governing body for a county within the state is the county commission. <u>See</u> W. Va. Code § 7-1-1. Article I of Chapter 7 of the West Virginia Code provides, in relevant part:

> The county commission, formerly the county court, tribunal or county council in lieu thereof, of every county within the State of West Virginia shall be a corporation by the name of "The County Commission of .......... County", or "The County Council of .......... County" by which name it may sue and be sued, plead and be impleaded and contract and be contracted with.

W. Va Code § 7-1-1(a). Here, the plaintiff has named "Hancock County" as a defendant, not the governing body of Hancock County as required under <u>Monell</u>. Accordingly, the complaint against Hancock County will be dismissed without prejudice to filing an amended complaint to correct the above mentioned error.

B. <u>Defendant Hancock County Office of the Sheriff</u>

Similarly, the Hancock County Office of the Sheriff is not a proper party to this action. Whereas West Virginia law authorizes a county commission to sue or be sued, <u>see</u> W. Va. Code § 7-1-1, state law does not appear to contain any similar provision for county sheriff's offices. Therefore, the Hancock County Office of

5

the Sheriff has no status independent of the Sheriff in his official capacity which would permit that office to sue and be sued. Nor is the Hancock County Office of the Sheriff a governing body of--or policy-making entity for--the county. As the Fourth Circuit has observed, "in the realm of county law enforcement," it is not the office of the sheriff but "the sheriff [who] is the duly delegated policy maker for the county." <u>Revene v. Charles County Commissioners</u>, 882 F.2d 870, 874 (4th Cir. 1989). Therefore, a claim against the office of the sheriff is "effectively a claim against the governing body of the of the County." <u>Id.</u> Accordingly, the plaintiff has improperly named the Hancock County Office of the Sheriff rather than the governing body of Hancock County as a defendant in this action. Consequently, the complaint against the Hancock County Office of the Sheriff will be dismissed without prejudice to filing an amended complaint to correct the above mentioned error.

C.  <u>Request for Attorneys' Fees and Costs</u>

Because the complaint will be dismissed as to these defendants without prejudice to the plaintiff filing an amended complaint, this Court finds that the defendants' request for attorneys' fees and costs, if recoverable, is premature. That request will therefore be denied.

## V. Conclusion

For the foregoing reasons, this Court finds that Hancock County and the Hancock County Office of the Sheriff are not proper parties to this action. Therefore, the motion to dismiss by Hancock County and the Hancock County Office of the Sheriff is GRANTED. Accordingly, it is ORDERED that the plaintiff's complaint against Hancock County and the Hancock County Office of the Sheriff be, and hereby is, DISMISSED without prejudice to filing an amended complaint to correct the above mentioned errors. The plaintiff shall file any amended complaint and obtain service of process in the manner provided by the Federal Rules of Civil Procedure. It is further ORDERED that the defendants' request for attorneys' fees and costs be, and hereby is, DENIED as premature.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    April 9, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE