IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

VANESSA KOWALYK,

    Plaintiff,

v.                                                                                  Civil Action: 5:08-CV-181

THE COUNTY COMMISSION OF
HANCOCK COUNTY; SHERIFF MIKE
WHITE, individually and in his capacity
as Sheriff of Hancock County; and MARK
ALAN SMITH, individually and in his
capacity as Deputy Sheriff of Hancock
County,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S FIRST SUPPLEMENTAL
DISCLOSURE OF EXPERTS AND EXPERT WITNESSES
BUT GRANTING OTHER RELIEF**

        This matter comes before the Court on Defendants' Motion to Strike Plaintiff's First Supplemental Disclosure of Experts and Expert Witnesses filed September 21, 2010.[1]  The Court held an evidentiary hearing and argument on Defendants' Motion on October 12, 2010.  Plaintiff, Ms. Vanessa Kowalyk appeared by Mr. Thomas D. Hall, Esq., in person.  Defendants, County Commission of Hancock County, *et al*., appeared by Mr. David L. Wyant, Esq., in person.  Defendants tendered Plaintiff's expert disclosure which was marked as Defendants' Exhibit Number 1.  No testimony was taken and no other evidence was adduced.

---

[1] Dkt. No. 69.

## I. INTRODUCTION

A.   Background

This action was initially filed on December 9, 2008 alleging violations of 42 U.S.C. § 1983, the Constitution of the United States and the laws of the State of West Virginia.[2] Defendants filed their Motion to Strike in response to Plaintiff's First Supplemental Disclosure of Experts and Expert Witnesses.[3]

B.   The Motions

1.   Defendants' Motion to Strike Plaintiff's First Supplemental Disclosure of Experts and Expert Witnesses.[4]

C.   Decision

Defendants' Motion to Strike Plaintiff's First Supplemental Disclosure of Experts and Expert Witnesses is **DENIED** as hereinafter set forth.

## II. FACTS

1.   On September 21, 2010, Defendants filed a Motion to Strike Plaintiff's First Supplemental Disclosure of Experts and Expert Witnesses.[5]

2.   This Court set an evidentiary hearing and argument on Defendants' Motion to Strike on September 22, 2010.[6]

3.   On September 28, 2010, Plaintiff filed her Response to Defendants' Motion to

---

[2] Dkt. No. 1.

[3] Dkt. No. 69.

[4] Id.

[5] Dkt. No. 69.

[6] Dkt. No. 70.

Strike.[7]

4. On October 7, 2010, Defendants' filed a Reply to Plaintiff's Response.[8]

5. On October 12, 2010, the evidentiary hearing and argument was held.[9]

### III. DEFENDANTS' MOTION TO STRIKE

A. Contentions of the Parties

Defendants move for an order striking two of Plaintiff's expert witnesses for Plaintiff's alleged untimely and incomplete disclosure of such witnesses. Defendants argue Plaintiff's noncompliance with Fed. R. Civ. P. 26(a)(2)(B) was neither substantially justified nor harmless to the Defendants. Specifically, Defendants argue Plaintiff had multiple opportunities to timely disclose but failed to do so even when advised by the district court to file a Motion for Leave to designate another expert. Additionally, Defendants contend, with regard to Dr. Berstein, that Defendants have had "neither the opportunity to have written discovery answered regarding this expert or schedule his deposition." See Defs.' Mot. to Strike, Pg. 2 (Dkt. 69). Relative to Plaintiff's second expert, Dr. McCauley, Defendants argue Dr. McCauley should also be stricken due to Plaintiff's failure to produce Dr. McCauley's preliminary report in accordance with the Federal Rules of Civil Procedure. Defendants assert Plaintiff's late and inadequate disclosure is "calculated to prejudice" the Defendants. Id. at 4.

In her opposition to Defendants' Motion, Plaintiff argues she has not violated either provision (a) or (e) of Fed. R. Civ. P. 26 because Plaintiff provided Defendants with her intention to use an expert witness regarding the incident and resulting treatment. Plaintiff

---

[7] Dkt. No. 72.

[8] Dkt. No. 75.

[9] Dkt. No. 80.

contends she timely identified Dr. McCauley and identified Dr. Berstein four months ago on May 28, 2010.  Plaintiff argues alternatively that any alleged violation was substantially justified.  Specifically, Plaintiff contends the bankruptcy of Defendant Smith prohibited further discovery until the stay was lifted on September 7, 2010.  Moreover, Plaintiff argues any violation was harmless to Defendants because both expert reports were disclosed with enough time to allow Defendants to overcome "any adverse effects that may have resulted from the delay." See Pl.'s Response, Pg. 8 (Dkt. 72).  Therefore, Plaintiff argues Defendants' Motion to Strike should be denied and the testimony of her two expert witnesses be permitted.

Defendants' Reply addresses Plaintiff's arguments in turn.  Defendants argue Plaintiff never previously identified Dr. Berstein as an expert witness in accordance with the Federal Rules of Civil Procedure.  Defendants contend Plaintiff never timely filed a supplemental expert disclosure nor a Motion for Leave to designate Dr. Berstein or any other expert witness.  Additionally, Defendants assert they have never received the information regarding Dr. Berstein such as "witness' qualifications, a complete statement of all opinions that Dr. Bernstein will express and the basis and reasons for the same, or a statement of compensation to be paid to Dr. Berstein." See Defs.' Reply, Pg. 2 (Dkt. 75).  Defendants assert that they are substantially harmed by this deficiency because the report by Dr. Berstein, which Plaintiff eventually disclosed, offers opinions significantly different from the opinions of the previously disclosed expert.  Defendants also argue they would be substantially harmed if Dr. McCauley were permitted to testify because Dr. McCauley testified at his deposition that the opinions in his originally disclosed report would not be his opinions at trial.  Lastly, Defendants argue the delay was avoidable because the case was pending for sixteen months prior to Defendant Smith's bankruptcy. Thus, Plaintiff cannot substantially justify her non-compliance.

B.  Discussion

Fed. R. Civ. P. 26(a)(2)(A) is a bright line rule that requires parties to disclose the identity of any expert who may testify at trial. Fed. R. Civ. P. 26(a)(2)(B) requires the expert disclosure to be "accompanied by a written report–prepared and signed by the witness–if the witness is one retained or specially employed to provide expert testimony in the case..." The Federal Rules specify that in absence of directions from the court or stipulation by the parties, "the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial." Fed. R. Civ. P. 26(a)(2)(C). Rule 26 disclosures are designed to guarantee, "to both parties, reciprocally equal knowledge about what the opposing expert has (and more importantly has not) based her opinions upon and exactly what those opinions are. Hoffman v. Caterpillar, Inc., 368 F.3d 709, 715 (7th Cir. 2004). Without Rule 26 disclosures, a court cannot be *certain* the opposing party was so informed of the underlying basis of the expert's opinion. Id.

Fed. R. Civ. P. 37(c)(1) provides for the exclusion of evidence that is not disclosed in accordance with Fed. R. Civ. P. 26. Rule 37(c)(1) provides, in pertinent part, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial...any witness or information not so disclosed." Harmlessness is the key under Rule 37, not prejudice. Vance v. United States, No. 98-5488, 1999 U.S. App. LEXIS 14943, at *1, *5 (6th Cir. June 25, 1999). The following five-factor test determines whether non-disclosure of evidence is substantially justified or harmless: "1) the surprise to the party against whom the evidence would be offered; 2) the ability of that party to cure the surprise; 3) the extent to which allowing the testimony would disrupt the trial; 4) importance of the evidence; and 5) the nondisclosing party's explanation for its failure to

disclose the evidence." Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003).

The Court addresses each factor in turn.

1.      **The Resulting Surprise to the Defendant**

Defendants argue Defendants were taken by surprise by Plaintiff's late disclosure of Dr. Berstein because the disclosure was made only 18 days before the close of discovery which was September 28, 2010. See Defs.' Mot. to Strike, Pg. 1 (Dkt. 69). Defendants argue Plaintiff had the opportunity to rectify this deficiency on several occasions. Specifically, Defendants argue Plaintiff did not disclose Dr. Berstein prior to the first or amended scheduling order set by the district court. Defendants argue Plaintiff was advised by the district court that the district court would not "provide amended expert designation deadlines." See Exhibit C, Amended Scheduling Order of May 28, 2010. Plaintiff was then instructed to file her "motion as soon as possible." Id. Defendants argue they have had "neither the opportunity to have written discovery answered" nor "schedule his deposition." See Defs.' Mot. to Strike, Pg. 2 (Dkt. 69).

Plaintiff counters that Defendants were provided with "information regarding [Plaintiff's] intention to utilize an expert to testify regarding Plaintiff's injuries and damages" as early as May 28, 2010. See Pl.'s Response, Pg. 4 (Dkt. 72). Plaintiff further contends that Plaintiff identified Dr. Berstein and provided Defendants with his report four months ago. Id. Plaintiff essentially argues Defendants had sufficient notice and, but for the bankruptcy filing of Defendant Smith, Defendants could have taken depositions.

The Court finds Plaintiff's failure to disclose Dr. Berstein in accordance with the discovery rules did result in surprise to the Defendants. While Defendants may have had knowledge of Plaintiff's intention to utilize an expert before discovery closed, without Rule 26

disclosures, the Court cannot be *certain* the Defendants were so informed of the underlying basis of Dr. Berstein's opinion. See Hoffman, 368 F.3d at 715. Plaintiff's failure to disclose Dr. Berstein until 18 days before the close of discovery left Defendants little opportunity to depose Dr. Berstein and secure a rebuttal witness, if necessary.

Relative to Dr. McCauley, the Court finds resulting surprise to Defendants. Plaintiff did timely disclose Dr. McCauley's identity to Defendants, however, Plaintiff did not disclose Dr. McCauley's report until September 22, 2010. While Plaintiff argues Defendants "had the benefit of [Dr. McCauley's] expert report to aid them," the Court finds a mere two days to prepare for an expert witness deposition to be an inappreciable "benefit." See Pl.'s Response, Pg. 9 (Dkt. 72). Moreover, the difference in opinion in Dr. McCauley's written report and his deposition testimony is enough to sway this factor in favor of Defendants.

### 2. The Ability of Defendant to Cure the Surprise

With respect to the second factor, Defendants contend Plaintiff's disconcerted attempt at disclosure is prejudicial to Defendants to the point that Defendants "do not have the ability to overcome the adverse effects" of Plaintiff's late disclosure. See Defs.' Mot. to Strike, Pg. 1 (Dkt. 69).

Plaintiff argues Defendants were aware of Dr. Berstein's and Dr. McCauley's designations as Plaintiff's experts prior to the close of discovery. With respect to Dr. Berstein, Plaintiff argues Defendants could have cured any alleged deficiency by the discovery deadline because Defendants received Dr. Berstein's report on September 10, 2010. Plaintiff contends any harm suffered by Defendants was self-induced. Plaintiff additionally asserts Defendants did not sustain any harm as to Dr. McCauley because Defendants were able to depose him.

The Court finds Defendants did not have the ability to cure the surprise that resulted from

the improper disclosures of both experts. The district court's March 19, 2009 scheduling order set forth a discovery deadline of February 1, 2010. Plaintiff was required to make her expert disclosures, in accordance with Fed. R. Civ. P. 26(a)(2)(A) and (B) no later than December 7, 2009. An amended scheduling order was entered on January 7, 2010 which altered Plaintiff's expert disclosure date to no later than March 8, 2010. Plaintiff, however, did not serve a Rule 26(a)(2)(B) disclosure for Dr. Berstein by either the December 2007 date nor the March 2010 date. Instead, Plaintiff filed a *First Supplemental Disclosure of Experts and Expert Witnesses* 18 days before the close of discovery. Defendants still have yet to receive information regarding "the witness' qualifications, a complete statement of all opinions that Dr. Bernstein will express and the basis and reasons for the same, or a statement of compensation to be paid to Dr. Bernstein...." See Defs.' Reply, Pg. 2 (Dkt. 75). Relative to Dr. McCauley, Plaintiff's disclosure of that report was improper under Fed. R. Civ. P. 26(a)(2)(B) because Plaintiff did not provide a report of Dr. McCauley's opinions. Upon supplementation of Dr. McCauley's report and subsequent deposition, Defendants have learned Dr. McCauley's written opinions are not the opinions Dr. McCauley will testify to at trial. As a consequence of Plaintiff's failure to provide the information plainly required by the rule, Defendants were not permitted to investigate either expert's licensure, training, background, or expertise, nor were they able to determine whether either expert possessed the requisite qualifications to render such expert opinions. Without this information, Defendants were unable to sufficiently prepare for Dr. Berstein's and Dr. McCauley's depositions. See Saudi v. Northrop Grumman Corp., 427 F.3d 271, 278-79 (4th Cir. 2005) ("Rule 26 disclosures are often the *centerpiece* of discovery in litigation that uses expert witnesses. A party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's

management of the case.") (emphasis added); Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico, 248 F.3d 29, 35 (1st Cir. 2001) ("The purpose of a 'detailed and complete' expert report as contemplated by Rule 26(a)...[is to] prevent an ambush at trial.").. Therefore, this factor favors Defendants.

### 3. The Extent to Which Allowing the Evidence Would Disrupt the Trial

While neither party directly addresses this factor, Defendants argue they would be prejudiced if Plaintiff's late disclosures of both experts were to be allowed. Plaintiff argues any alleged deficiency was either substantially justified by the automatic stay issued Defendant Smith's bankruptcy or was harmless to Defendants. Plaintiff argues because Defendants were aware of the designation of both experts ahead of time, that Defendants had the opportunity to successfully complete discovery prior to the scheduled deadline.

Initially, the Court will address Plaintiff's reliance on Lizzette Santiago-Diaz v. Laboratorio Clinico y de Referencia del Este and Sarah Lopez, 456 F.3d 272 (1st Cir. 2006), as a case that supports Plaintiff's argument. In Lizzette, the Court concluded that plaintiff's failures to disclose timely the identity of her expert and to furnish a proper expert witness report were both substantially unjustified and harmful. The court there, excluded plaintiff's expert from testifying at trial. Thus, Plaintiff's dependence on Lizzette for support is misplaced. Procedurally, the district court set a trial date in this litigation for February 15, 2011. Although the Court finds Plaintiff's expert disclosures did not meet the requirements of Rule 26(a)(2)(B), the Court believes allowing such disclosures would not substantially disrupt the trial date of February 15, 2010. Therefore, the Court finds this factor in favor of Plaintiff.

### 4. The Importance of Plaintiff's Evidence

Here, the Plaintiff's need for expert testimony cuts in her favor because Plaintiff carries the burden of proof. Therefore, the Court finds this factor in favor of Plaintiff.

### 5. Plaintiff's Explanation For Her Failure to Disclose

Defendants argue Plaintiff's failure to disclose was both harmful and not substantially justified thus requiring exclusion of Plaintiff's experts. Plaintiff argues, to the contrary, that any violation was substantially justified or was harmless. Plaintiff contends Defendants were advised that Plaintiff's previously-identified expert from Pittsburgh Action Against Rape (hereinafter "PAAR") was prohibited from testifying in this matter. As a result, Plaintiff engaged Dr. Berstein as the replacement expert to testify relative to Plaintiff's psychological injuries that arose from the incident. Plaintiff further argues both parties' discovery activity was prohibited by the automatic stay issued in Defendant Smith's bankruptcy. Plaintiff asserts activity immediately resumed after the stay was lifted on September 7, 2010. Plaintiff attempts to argue the automatic stay created the discovery deficiencies.

The Court finds Plaintiff's arguments regarding discovery delays due to the automatic stay unpersuasive. Defendants maintain the litigation was pending for at least 16 months prior to Defendant Smith's bankruptcy filing. The Court finds that had Plaintiff made the requisite expert disclosures by the March 8, 2010 date, the parties would have been better prepared to continue with discovery prior to Defendant Smith's bankruptcy filing of April 26, 2010. Nonetheless, the Court finds Plaintiff's deficient disclosure of Dr. Berstein to be substantially justified due to the prohibition against Plaintiff's previous expert from PAAR. The Court finds Plaintiff's deficient disclosure of Dr. McCauley to be an error which can be rectified. Therefore, the Court finds this factor weighs in favor of Plaintiff.

C.  Decision

Defendants' Motion to Strike Plaintiff's First Supplemental Disclosure of Experts and Expert Witnesses is **DENIED**.

Plaintiff is **ORDERED** to provide to Defendants, within 14 days of this Memorandum Opinion and Order, written reports from both Dr. Berstein and Dr. McCauley–prepared and signed by such witnesses–that contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the data or other information considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

Within 28 days of this Memorandum Opinion and Order, Plaintiff is **ORDERED** to produce both Dr. Berstein and Dr. McCauley at Defendants' attorney's office at Plaintiff's expense.  No alternative relief shall be granted.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is  made, and the basis for such objection.  A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**
DATED: November 8, 2010 /s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE